R E C E I V E D
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MAR 1 1 2013

FILED _____  _____
DOCKETED _____  _____
                    DATE        INITIAL

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

Achilles Corelleone
_____

Appellant,

9th Cir. Case No. <u>12-57349</u>

Originating Court Case No. <u>2:11-cv-04122 GW (PJW)</u>

vs.

PEOPLE OF STATE OF CALIFORNIA
_____

Appellee(s).

## APPELLANT'S INFORMAL BRIEF
(attach additional sheets as necessary)

1.  Jurisdiction

    a.  Timeliness of Appeal:

        (i)   Date of entry of judgment or order
              of originating court: _____

        (ii)  Date of service of any motion made after judgment (other than
              for fees and costs): _____

        (iii) Date of entry of order deciding motion: _____

        (iv)  Date notice of appeal filed: <u>December 21, 2012</u>

        (v)   For prisoners, date you gave notice of appeal to prison
              authorities: _____

9th Cir. Case No. ___12-57349___                                    Page 2

2.    What are the facts of your case?

Appellant plead nolo contendre on February 3, 2010 to two counts of oral copulation (PC 288a (b)(2)) and one count of sodomy (PC 286 (b)(2)). Petitioner received 5 years in state prison at sentencing. The Judge also imposed mandatory lifetime registration (PC 290)

The judge in the case made lifetime registration "mandatory. However, pursuant to Cal. PC 290.006 a judge must find that the acts are 1) committed out of sexual gratification or compulsion 20 the judge must state on the record the reasons for requiring lifetime registration as a sex offender. The judge made no such finding nor did he state any on the record as required by penal code 290.006 (People v. Hofsheier, 37 Cal. 4th 1185; People v Garcia, 161 Cal. App. 4th 475; People v. Taravella, 182 Cal. App. 4th 161).
Lifetime registration is also a direct consequence of a plea and, therefore is a determination for a jury because it is also an enhancement to a sentence. This cannot be left to a judge to enhance the sentence using aggravating circumstances other than past convictions or factors in aggravation admitted by the defendant. I did not admit to any aggravating circumstances, and I have never been convicted of any crimes that qualify as serious or violent under California Law. A nolo plea does not admit to aggravating circumstances.
Appellant's counsel did not interview even one witness, did not get the security videos from the motel, did not speak to the manager or owner of the motel, did not get the text messages from appellant's phone or the alleged victims phone, did not get the myspace communications between appellant and alleged victim, did not do anything at all to defend the case. Did not get the proof that appellant was at work on the days the alleged victim told the police. After appellant was sentenced his counsel stated that he'd spoken to the prosecution and that the prosecution would not have opposed the 995 motion, that he could have beaten the case and that the offenses were not registrableffenses and that I had a good case for habeas corpus.

The alleged victim had three (3) myspace pages which stated his age as 19, 19 and, 24 years old. Counsel did not get access to these or to the alleged victims phone to prove that I had broken up with him because he admitted that he was involved in a sexual relationship with an adadulte named ''ADAM' and,

**continued next page**

1    the alleged victim couldn't recall any. And, in police report

2    the alleged victim denied everything but then "smiled" and

3    made up his story. The alleged victim testified in preliminary

4    hearing that my truck had broken down and, that I had agreed

5    to have it towed to his parents' house, have his father fix

6    it, then I would pick it up after it was fixed. This alone

7    shows that I had no fear of "being found out", as this would

8    put me in direct contact with the alleged victims parents.

9    When I met the alleged victim, I met him at his parents'

10   house, stood outside by my Jeep, directly in front of his

11   parents' house. And, alleged victims older brother came out of

12   the house and spoke to the alleged victim while we were

13   talking. These facts do not show the behavior of someone who

14   is afraid of being "found out", it goes directly to the heart

15   that I did not know the victims real age and believed he was

16   18 as he had told me, and reflected on his myspace pages.

17   Had counsel been diligent and gathered evidence, called

18   witnesses, gotten the evidence from prosecutors, tested the

19   prosecution's case and, ensured the court ruled upon the 995

20   motion to dismiss, the outcome would have been different. The

21   995 motion alone would have dismissed the most serious charge.

22   Had counsel been diligent and effective I would have gone to

23   trial.

2 Cont.

1          Police confiscated my laptop computer, two cell phones,

2    my truck and, everything in it, yet not one shred of evidence

3    was ever found. The search and seizure alone was

4    unconstitutional, as it was done without a warrant.

5

2 Cont.

9th Cir. Case No. <u>12-57349</u>                                    Page 3

3.    What did you ask the originating court to do (for example, award damages, give injunctive relief, etc.)?

I do not remember, prison officials lost my documents before I was released on parole.

4.    State the claim or claims you raised at the originating court.

I do not remember, my documents were lost by prison officials before I was released on parole.
I re-allege every claim that I raised in the District Court.

5.    What issues are you raising on appeal?  What do you think the originating court did wrong?

1. Ineffectivessistance of Counsel.
2. Penal Code 290.006 is Unconstitutional, because it allows a judge to enhance a sentence beyond the ststatutoryimum.
3. Forcing appellant to wear a GPS is Unconstitutional
4.Lessica's Laws and Prop. 83 are unconstitutional
5. 6th amendment violation

9th Cir. Case No. <u>12-57349</u>                    Page 4

6.    Did you present all issues listed in #5 to the originating court?

    <u>Yes</u>    If not, why not?
    Yes/No

7.    What law supports these issues on appeal?
      (You may, but need not, refer to cases and statutes.)

1) Ineffective Assistance of Counsel; Strickland v. Washington, 466
U.S. 668; Lafler v Cooper, 556 U.S. 778; Massiah v. U.S., 377 U.S.
201; Missouiri v. Frye, 132 S.Ct. 1399; Padilla v. Kentucky, 559 U.S.
356; Montejo v Louisiana, 556 U.S. 778; 6th Amend. U.S. Const.
2) Cal. PC 290.006 Unconstitutional; Apprendi v. New Jersey, 530 U.s.
466; Blakely v Washington, 542 U.S. 296; People v Zaidi, 55 Cal
      3)Sentencing Court erred by not ruling on 995 motion to dismiss,

The court erred by not ruling on the 995 motion to dismiss the
most serious charge. Appellant's counsel stated that he had spoken
to the prosecution and, the prosecution would not have opposedhe
995 motion.
Counsel has a duty to fully test the prosecutions case and to
pursue this when he was before the court at sentencing when

**continued next page**

1   the prosecutors stated that they would not have opposed the
2   **995** motion which would have dismissed the most serious charge,
3   nor did counsel ensure that the court ruled on the motion.

4   **INNEFFECTIVE COUNSEL**: In ***Missouri v. Frye***, 132 S. Ct. 1399, the
5   U.S. Supreme Court held that "***Strickland***" two part test
6   governs ineffective assistance claims in the plea bargain
7   context (***Strickland v Washington***, 466 U.S. 668,686; ***Lafler v***
8   ***Cooper***, 556 U.S. _____ 2012; ***Montejo v Louisiana***, 556
9   U.S. 778; ***Massiah v. United States***, 377 U.S. 201)

10  Counsel did not act with due diligence and was ineffective
11  because he did nothing to 1) gather evidence 2) ensure
12  prosecution turned over all evidence 3) speak to any witnesses
13  4) get a ruling on the motion to dismiss (995 motion). Had the
14  **995** motion been ruled upon in favor of me, this would have
15  greatly changed the length of sentence, the plea negotiations,
16  and the decision to go to trial. Had the 995 motion been
17  successful I would have insisted on going to trial.
18  Furthermore, counsel stated **after** the plea had been signed and
19  I had been sentenced, that he could have beaten the case.

20  The sixth amendment right to effective counsel concerning plea
21  agreements is critical phases of litigation (***Missouri v. Frye***,
22  132 S. Ct. 1399; ***Padilla v. Kentucky***, 559 U.S. 356; ***Hill v***
23  ***Lockhart***, 474 U.S. 52) Counsel did not and could not give me
24  appropriate advice concerning a plea because prosecution did
25  not turn over the evidence in their possession (***Brady v.***
26  ***Maryland***, 373 U.S. 83) Counsel has a duty to completely and
27  diligently test the prosecution's case (***Lamar v. Graves***, 326
28  F. 3d 983). Counsel did not and could not because he did not
29  have adequate evidence from the prosecution and, therefore,
30  could not give me adequate information to make a knowing and

4 cont.

1   intelligent plea (**_Massiah v. United States_**, _supra_ 377 U.S.
2   201; **_Missouri v. Frye_**, _supra,_132 S.Ct.1399; **_Hamilton v._**
3   **_Alabama_**, 368 U.S. 52)

4   **REGISTRATION REQUIRMENTS:**    The California Supreme Court and
5   courts of appeals have repeatedly held that crimes such as I
6   was convicted are not mandatory register able and by making
7   registration mandatory, violated the 14th Amendment and the
8   California Constitution.

9   In **_People v. Hofsheier_**, 37 Cal. 4th 1185, the California
10  Supreme Court stated, "therefore conclude that the statutory
11  distinction in **section 290** requiring mandatory lifetime
12  registration of all persons who, like defendant here, were
13  convicted of voluntary oral copulation with a minor of the age
14  of 16 or 17, but not of someone convicted of voluntary sexual
15  intercourse with a minor of the same age, violates the **equal**
16  **protection clauses of the federal and state Constitutions.** [9]
17  This conclusion does not preclude the Legislature from
18  requiring lifetime registration both for persons convicted of
19  voluntary oral copulation and for those convicted of voluntary
20  sexual intercourse, thus treating both groups the same."

21      Furthermore, before ordering a person to register where
22  registration is not mandatory the judge must follow a two-step
23  process (**Penal Code 290.006**), 1) must find that the offense
24  resulted out of sexual compulsion or gratification, 2) must
25  state on the record the reasons for the findings and the

4 cont.

1  reasons for requiring registration. The court stated in

2  **Hofsheier; Section 290, subdivision (a)(2)(E)**, however,

3  provides that a person convicted of "any offense not included

4  specifically in [section 290]" may be required to register "if

5  the court finds … that the person committed the offense as a

6  result of sexual compulsion or for purposes of sexual

7  gratification." If it requires registration, the trial court

8  must "state on the record the reasons for its findings and the

9  reasons for requiring. registration." (§ 290, subd. (a)(2)(E);

10  (*People v. Jones* (2002) 101 Cal.App.4th 220 [124 Cal. Rptr. 2d

11  10] (**Jones**), we granted review to resolve the conflict .)

12  Consequently, to implement the requirements of section 290,

13  subdivision (a)(2)(E), the trial court must engage in a two-

14  step process: (1) it must find whether the offense was

15  committed as a result of sexual compulsion or for purposes of

16  sexual gratification, and state the reasons for these

17  findings; and (2) it must state the reasons for requiring

18  lifetime registration as a sex offender." In my case the

19  Judge did not do this, he made registration mandatory. This

20  violates the 6th and 14th amendment. The court erred by not

21  following the required steps and, my counsel never informed me

22  that the registration was not mandatory and that the judge

23  must make such finding.

4 Cont

1     In ***People v Garcia***, 161 Cal. App. 4th 475, the court held

2    that the "***Hofsheier***" doctrine applied to persons convicted

3    under **Penal Code 288a (b)(2)**, which is what I was convicted

4    of. (**see *People v Luansing***, 176 Cal. 4th 676; ***People v.***

5    ***Ranscht***, 173 Cal. App. 4th 1369; ***People v Taravella***, 182 Cal.

6    App. 4th 161; **5-93 California Criminal Defense Practice §**

7    **93.04; Erwin et al., Cal. Criminal Defense Practice (2007) ch.**

8    **93, § 93.04; 3 Witkin & Epstein, Cal. Criminal Law (3d ed. 200**

9    **Punishment§187.)**By making registration mandatory the court

10   violated my rights under the 14th amendment and the California

11   Constitution.

12     Counsel told me after I was sentenced that registration

13   was not mandatory in my case and that I had a good claim for a

14   habeas corpus. My counsel knew this but stayed silent and,

15   allowed the court to ignore the requirements of **Penal Code**

16   **290.006.** Counsel further stated to me that he had spoken to

17   the prosecution and that my case was a "***non-issue***" to them and

18   that they had "***bigger fish to fry***". Counsel was ineffective by

19   not gathering evidence such as security videos, text messages,

20   myspace information and by not conducting any investigation or

21   speaking to even one witness.

22   **CALIFORNIA RULES OF COURT**: California Rules of Court, rule

23   **4.114**, requires that a judge rule on any motions pending,

4 cont.

1   prior to a readiness hearing. My counsel had filed a 995

2   motion to dismiss the most serious count, however, the judge

3   did not rule on this motion. Notably, the prosecution also did

4   not file an opposition to the 995 motion. Had the court ruled

5   on this motion and the ruling had been favorable to me, this

6   would have greatly altered any trial or plea agreements. By

7   not ruling the court erred and violated my 6th amendment

8   rights.

9   **UNCONSTITUTIONAL STATUTE**: California Penal Code 290.006 is

10  unconstitutional because it allows a judge to order

11  registration when it is not mandatory. Registration is

12  considered a form of punishment and a direct consequence of a

13  plea; therefore it is a determination that must be made by a

14  jury, beyond a reasonable doubt. (***Cunningham v. California***,

15  549 U.S. 270). In ***Apprendi v.New Jersey***, 530 U.S. 466, 120 S.

16  Ct. 2348, 147 L.Ed. 2d 435, this Court held that, under the

17  Sixth Amendment, any fact (other than a prior conviction) that

18  exposes a defendant to a sentence in excess of the relevant

19  statutory maximum must be found by a jury, not a judge, and

20  established beyond a reasonable doubt, not merely by a

21  preponderance of the evidence. See id. at, 490, 120 S. Ct.

22  2348, 147 L. Ed. 2d 435. The Court has applied the rule of

23  *Apprendi* to facts subjecting a defendant to the death penalty,

4 Cont.

*Ring v. Arizona*, 536 U.S. 584, 602, 609, 122 S. Ct. 2428, 153 L. Ed. 2d 556, facts permitting a sentence in excess of the "standard range" under Washington's Sentencing Reform Act (Reform Act), *Blakely v. Washington*, 542 U.S. 296, 304-305, 124 S. Ct. 2531, 159 L. Ed. 2d 403, and facts triggering a sentence range elevation under the then-mandatory Federal Sentencing Guidelines, *United States v. Booker*, 543 U.S. 220, 243-244, 125 S. Ct. 738, 160 L. Ed. 2d 621.

**Pursuant to California Penal Code 1170, subd (b), a defendant must be provided with notice of potential aggravating circumstances four days prior to a hearing.** (*People v French*, 43 Cal. 4th 36; Cal. P.C. 1170, subd (b)). I was never given notice of any aggravating circumstances and none were ever stated on the record. In fact at arraignment the judge made notice of the fact that I had not been in trouble for over twenty eight (28) years. Nor did I ever admit to any aggravating factors and, my plea does not admit to any. By imposing mandatory registration the court imposed a sentence beyond the statutory maximum and abused its discretion in doing so. By imposing mandatory registration it constituted multiple punishments under Cal. Penal Codes § 654."**Acts punishable by different** provisions Effect **of acquittal or conviction;**

4 Cont.

1    **(a)** An act or omission that is punishable in different ways by

2    different provisions of law shall be punished under the

3    provision that provides for the longest potential term of

4    imprisonment, but in no case shall the act or omission be

5    punished under more than one provision. An acquittal or

6    conviction and sentence under any one bars a prosecution for

7    the same act **(b)** Notwithstanding subdivision (a), a defendant

8    sentenced pursuant to subdivision (a) shall not be granted

9    probation if any of the provisions that would otherwise apply

10    to the defendant prohibits the granting of probation." (***People***

11    ***v.Shelton***, 37 Cal. 4th 759; ***Blakely v Washington***, *supra*, 542

12    U.S. 296). In ***People v. Mosely***, 188 Cal. App. 4th 1090, it was

13    held, "the facts supporting the imposition of the registration

14    requirement must be found by a jury beyond a reasonable doubt.

15    9 U.S. 270).(***Apprendi v.New Jersey***,*supra*, 530 U.S. 466, 120 S.

16    Ct. 2348, 147 L.Ed. 2d 435; ***Blakely v. Washington***,*supra*, 542

17    U.S. 296, 304-305, 124 S. Ct. 2531, 159 L. Ed. 2d 403) The

18    Court in "***Mosely***" applied ***Kennedy v Mendoza-Martinez***,372 U.S.

19    144, and held that "Jessica's Laws" residency restrictions

20    were punitive and that its imposition by the court increases

21    the penalty and that the facts required to impose residency

22    restrictions must be found by a jury beyond a reasonable

23    doubt. Penal Code 290 allows multiple punishments and leave

24    registration, which is an enhancement to a judge, not a jury.

4 Cont.

1    The *"Kennedy v. Mendoza-Martinez"* rules apply to **Penal Code**

2    **290** and *"Jessica's Laws"* because it allows multiple

3    punishments under these laws. The judge did in fact enhance my

4    sentence by ordering mandatory lifetime registration beyond

5    the maximum allowed sentence without a jury finding of any

6    aggravating circumstances. (*Almendarez-Torres v. U.S.*, 523

7    U.S. 224; *Jones v. U.S.*, 526 U.S. 227, 229, 239-241, 243). I

8    did not admit to any aggravating circumstances or that any

9    acts were committed out of sexual compulsion or gratification.

10    In*, **People v. Mosely**,* 188 Cal. App. 4th 1090; the court stated

11    "(3) Criminal Law § 529—Punishment—Imprisonment—Sentence

12    Enhancements—Beyond Statutory Maximum—Right to Jury Trial—

13    Proof Beyond Reasonable Doubt. Other than the fact of a prior

14    conviction, any fact that increases the penalty for a crime

15    beyond the prescribed statutory maximum must be submitted to a

16    jury, and proved beyond a reasonable doubt. The rights to due

17    process and trial by jury in criminal matters entitle a

18    criminal defendant to a jury determination that he or she is

19    guilty of every element of the crime with which he or she is

20    charged beyond a reasonable doubt. This jury trial entitlement

21    applies equally to elements of a crime and any enhancements to

22    the crime used to impose additional punishment. If a defendant

23    faces punishment beyond that provided by statute when an

24    offense is committed under certain circumstances but not

4 cont.

1   others, it is obvious that both the loss of liberty and the

2   stigma attaching to the offense are heightened; it necessarily

3   follows that the defendant should not—at the moment the state

4   is put to proof of those circumstances—be deprived of

5   protections that have, until that point, unquestionably

6   attached. It is unconstitutional for a legislature to remove

7   from the jury the assessment of facts that increase the

8   prescribed range of penalties to which a criminal defendant is

9   exposed. Such facts must be established by proof beyond a

10  reasonable doubt."

11

12

13  **JESSICA'S LAWS AND PROP. 83**; are unconstitutional because they

14  put all persons convicted of a sexual related offense under a

15  blanket provision and does not take into consideration the

16  nature of the offense, a person's prior criminal history, a

17  person's dangerousness and classifies all sex offenders as

18  dangerous and high risk offenders. My **California Static Risk**

19  **Assessment** (**CSRA**) is a one **(1)**, the **lowest** of all on the CSRA,

20  yet I am considered a high risk offender. They have an

21  overwhelming punitive effect and, affirmatively restrain the

22  right to choose a home and, the rights to live with one's

23  family; it effectuates traditional banishment under a

24  different name, interferes with the right to use and enjoy

4 Cont.

1   property and, enjoy property near schools, parks and subjects

2   housing choices to government approval like parole, or

3   probation. Furthermore, they punish under multiple statutes

4   (Kennedy **v.** Mendoza-**Martinez**, 372 U.S. 144, 168-169, 9 L. Ed.

5   2d 644, 83 S. Ct. 554), and violates the fifth amendment

6   rights of the appellant. Because the California Courts have

7   held that mandatory registration for persons convicted of the

8   crimes appellant was (***People v Garcia***, 161 Cal. App. 4th 475;

9   ***People v Luansing***, 176 Cal. 4th 676; ***People v. Ranscht***, 173

10  Cal. App. 4th 1369; ***People v Taravella***, 182 Cal. App. 4th 161),

11  this further violates the 5th amendment. Prop. 83 and Jessica's

12  Laws, beyond a doubt, strips away my control of the right to

13  control my person and my constitutional protections and,

14  allows unconstitutional restraints as to where I might live,

15  travel, property I may own, job availability, going to church,

16  the beach, movies and causes undue prejudice. The punitive

17  effects of Jessica's Laws arise upon the imposition of the

18  lifetime registration; which is not mandatory in my case.

19  Jessica's Laws further impose unconstitutional enhancements

20  and punish under multiple statutes (Kennedy **v.** Mendoza-

21  **Martinez**, 372 U.S. 144, 168-169, 9 L. Ed. 2d 644, 83 S. Ct.

22  554). Appellant has never been convicted of any crimes that

23  are considered serious or violent. These Laws further violate

24  equal protection because other crimes such as arsonists, gang

4 cont.

1  member and drug dealers who are much more dangerous that

2  appellant, are not subjected to these conditions. These laws

3  do not take into account the actual crime a person was

4  convicted of, they instead are a blanket which covers all

5  persons convicted of a sex offense and even those convicted of

6  indecent exposure.

7      Appellant's rights are further violated because **Cal. PC**

8  **3010.5** states "shall establish written guideline that

9  identifies those persons on parole subject to continuous

10  electronic monitoring. Guidelines shall include the need for

11  enhancing monitoring in comparison to other persons not

12  subjected to enhanced monitoring" **Shall** is mandatory language

13  not open to respondents discretion. When I asked my parole

14  agent for these written guidelines she stated that because I

15  was homeless I was high risk. She stated she was allowed to

16  make this determination and did not need to show me any

17  written guidelines. This clearly violates **PC 3010.5**, and gives

18  a parole agent free reign to do as they please. In ***Tery v.***

19  ***Ohio***, 392 U.S. 1, the court held "No right is held more

20  sacred, or is more carefully guarded, by the common law, than

21  the right of every individual to the possession and control of

22  his own person, free from all restraint or interference of

23  others, unless by clear and unquestionable authority of law".

4 Cont.

1    The court at sentencing erred and abused its discretion. ***Cal.***
2    ***PC 859a (b)*** states; **"(b)** Notwithstanding Section 1191 or 1203,
3    the magistrate shall, upon the receipt of a plea of guilty or
4    nolo contendere and upon the performance of the other duties
5    of the magistrate under this section, immediately appoint a
6    time for pronouncing judgment in the superior court and refer
7    the case to the probation officer if eligible for probation,
8    as prescribed in Section 1191". (I was eligible for probation
9    but my counsel did not tell me this). The court did not refer
10   the case to a probation officer as required by **PC 859a**. Before
11   I was sentenced my counsel told me I would not be sentenced
12   that day because a probation officer had to speak to me and it
13   would be two weeks before I was sentenced. However, the judge
14   sentenced me immediately, clearly violating PC 859a and my 6th
15   and 14th amendment rights'.

16   The court, at sentencing violated my 6th and 14th amendment
17   rights by making lifetime registration "mandatory". Since my
18   offenses do not qualify as mandatory registration, they are
19   discretionary. To impose lifetime registration the judge must
20   follow a two-step process he must find **1)** that the offense was
21   committed out of sexual gratification or compulsion and, **2)**
22   requires that he must state on the record the reasons for the
23   findings requiring registration. **(PC 290.006)**. Furthermore,

4 Cont.

1    the courts have held that the imposition of registration

2    increases the penalty. **_People v. Mosley_**, 188 Cal. App. 4th

3    1090, "Imposing a residency restriction through discretionary

4    sex offender registration as part of the sentencing on the

5    underlying offense increases the penalty for that offense

6    beyond the statutory maximum. Accordingly, the facts

7    supporting the imposition of the registration requirement must

8    be found true by a jury beyond a reasonable doubt" (**_Blakely v._**

9    **_Washington_**, (2004) 542 U.S. 296 [159 L. Ed. 2d 403, 124 S. Ct.

10   2531]; **_Cunningham v. California_**, (2007) 549 U.S. 270 [166 L.

11   Ed. 2d 856, 127 S. Ct. 856]; (**_Apprendi v.New Jersey_**, 530 U.S.

12   466, 120 S. Ct. 2348, 147 L.Ed. 2d 435," Court held that, under

13   the Sixth Amendment, any fact (other than a prior conviction)

14   that exposes a defendant to a sentence in excess of the

15   relevant statutory maximum must be found by a jury, not a

16   judge, and established beyond a reasonable doubt, not merely

17   by a preponderance of the evidence". See id. at, 490, 120 S.

18   Ct. 2348, 147 L. Ed. 2d 435). **PC 290.006** is unconstitutional

19   because it allows a judge to impose lifetime registration,

20   increasing the penalty for an offense. These are facts that

21   must be found by a jury and defendant allowed to contest.

22

23

4 Cont.

9th Cir. Case No. _12 - 57349_                    Page 5

8.    Do you have any other cases pending in this court?
      If so, give the name and docket number of each case.

      Yes, Case No: 12 - 57325

9.    Have you filed any previous cases which have been decided by this court?
      If so, give the name and docket number of each case.

      Yes but don't Know Case Numbers, all the documents
      I had were lost by prison officials before I was released
      on parole

10.   For prisoners, did you exhaust all administrative remedies for each claim
      prior to filing your complaint in the district court?

      Yes.

_Achilles Corelleone_                        _Achilles Corelleone_
Name                                         Signature

_C/o Panama Hotel, Rm 341_
_403 E. 5ᵗʰ Street_
_Los Angeles, CA 90013_
Address

_March 7, 2013_
Date

## CERTIFICATE OF SERVICE

Case Name: _Corelleone_ v. _People of California_

9th Cir. Case No.: _12-57349_

IMPORTANT: You must send a copy of ALL documents filed with the Court and any attachments to counsel for ALL parties in this case. You must attach a copy of the certificate of service to each of the copies and the original you file with the Court. Please fill in the title of the document you are filing. Please list the names and addresses of the parties who were sent a copy of your document and the dates on which they were served. Be sure to sign the statement below.

I certify that a copy of the _Appellants Informal Brief_
(title of document you are filing)
and any attachments was served, either in person or by mail, on the persons listed below.

_Achilles Corelleone_
Signature
Notary NOT required

| Name | Address | Date Served |
|------|---------|-------------|
| Attorney General | 300 S. spring st. Suite 1702 Los Angeles, CA 90013 | March 7, 2013 |

9th Cir. Case No. _____12-57349_____                    Page 5

8.     Do you have any other cases pending in this court?
       If so, give the name and docket number of each case.

          yes, case number 12-57325

9.     Have you filed any previous cases which have been decided by this court?
       If so, give the name and docket number of each case.

          Yes but I do not remember the numbers, prison officials lost my legal documents before I
          was released on parole.

10.    For prisoners, did you exhaust all administrative remedies for each claim
       prior to filing your complaint in the district court?

          yes

 Achilles Corelleone                          _Achilles Corelleone_
Name                                          Signature
 403 E. 5th St., Room 341

 Los Angeles, CA  90013
Address

_March 7,_ 2013
Date

# CERTIFICATE OF SERVICE

Case Name: <u>Corelleone</u>                    v. <u>People of Cal., CDCR</u>

9th Cir. Case No.: <u>12-57325</u>

IMPORTANT: You must send a copy of ALL documents filed with the Court and any attachments to counsel for ALL parties in this case. You must attach a copy of the certificate of service to each of the copies and the original you file with the Court. Please fill in the title of the document you are filing. Please list the names and addresses of the parties who were sent a copy of your document and the dates on which they were served. Be sure to sign the statement below.

I certify that a copy of the <u>Informal Brief</u>
(title of document you are filing)
and any attachments was served, either in person or by mail, on the persons listed below.

*Achilles Corelleone*
Signature
Notary NOT required

| <u>Name</u> | <u>Address</u> | <u>Date Served</u> |
|---|---|---|
| Attorney General | 300 S. Spring St. Suite 1702 Los Angeles, CA 90013 | March. 7, 2013 |